UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| VS. | § | NO. 9:03-CR-50-1 |
| ODIS LEWIS | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed July 12, 2005, alleging that defendant violated conditions of supervised release by submitting a urine specimen that tested positive for marijuana and for being unsuccessfully terminated from a community correctional center.

This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

**I. The Original Conviction and Sentence**

Defendant was sentenced on June 29, 2004, before The Honorable Ron Clark, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of bank larceny, a Class C felony. This offense carried a statutory maximum imprisonment term of no more than

20 years.  The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of I, was 12 to 18 months.  Defendant was subsequently sentenced to 12 months and 1 day imprisonment followed by 2 years supervised release, subject to the standard conditions of release, plus special conditions to include drug aftercare; financial disclosure, no new credit without the approval of the probation officer, $7,051.48 restitution; and a $00 special assessment.

On April 14, 2005, defendant completed his period of imprisonment and began service of the supervision term.  On June 22, 2005, terms of defendant's supervised release conditions were modified to include the condition that defendant reside and participate in the community corrections component of a Community Corrections Center, as instructed, until successfully discharged by the center director, but no longer than 180 days after admission.  Defendant was also required to abide by all rules and regulations of the center and pay subsistence.  In addition, defendant was required to establish a savings account and regularly deposit no less than 25 percent of his employment earnings into the account in order to accumulate funds for the improvement of his lifestyle upon his release.

## II.  The Period of Supervision

Defendant's term of supervised release commenced on April 14, 2005.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on July 12, 2005.  The petition alleges that defendant violated the following

conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer. |
| Special Condition: | Defendant shall reside and participate in a community corrections component of a Community Corrections Center, as instructed, until successfully discharged by the center director, but no longer than 180 days from admission. Defendant shall abide by all rules and regulations of the center and pay subsistence. While in community confinement, defendant shall establish a savings account and regularly contribute no less than 25 percent of his employment earnings to the account in order to accumulate funds for the improvement of his lifestyle upon his release. |

As grounds, the petition alleges that on April 22, 2005, and on June 7, 2005, defendant submitted a urine specimen that tested positive for marijuana. In addition, the petition alleges that defendant left Bannum Place of Beaumont Community Correctional Center without permission, and was unsuccessfully terminated from Bannum Place due to his failing to return to the Community Correctional Center.

### IV. Proceedings

On July 19, 2005, the undersigned United States Magistrate Judge convened a hearing to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a special condition of supervised release by being unsuccessfully terminated from Bannum Place

Community Correctional Center on or about July 2, 2005. This violation is a Grade C violation, with policy guidelines suggesting 3 to 9 months imprisonment upon revocation.

Counsel for the government and the defendant announced that they had reached an agreement as to a recommended disposition. This agreement was that the court should revoke supervised release, impose 7 months imprisonment; followed by 10 months of additional supervised release. In return, the government will decline to proceed with remaining alleged violations of supervised release conditions.

Defense counsel also indicated that defendant wishes to reside at a correctional facility in Tyler County, Texas. Counsel for the government expressed no opposition.

### V. Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision. The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a condition of supervision by being unsuccessfully terminated from Bannum Place Community Correctional Center on or about July 2, 2005, then defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the

term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to an alleged violation of a special condition: leaving Bannum Place Community Correctional Center and subsequently being unsuc-cessfully terminated from the Center. Based upon defendant's plea of "true" to this allegation and U.S.S.G. § 7B1.1(a), defendant violated this special condition of supervised release, a Grade C violation, in the manner alleged in the petition.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision; he left Bannum Place without permission and did not return to the Center or notify the Center's director of his whereabouts. The U.S. Probation Office stated that defendant has refused to adhere to the conditions of supervision placed on him, and shows no inclination to follow the conditions of supervision placed on him by the court. As such, incarceration appropriately addresses defendant's violation.

## RECOMMENDATIONS

1. The court should find that defendant violated the condition of supervised release, that refrain from unlawful use of a controlled substance.

2. The petition should be granted and defendant's supervised release should be revoked.

3. Defendant should be sentenced to a term of imprisonment of seven (7) months to be served consecutively to any subsequent term of imprisonment, followed by an additional term of supervision of ten (10) months. The sentence should require defendant to report to the probation office in the district to which defendant is released within 72 hours of release from the custody of Bureau of Prisons.

4.  The court should recommend that defendant serve his sentence in Tyler County, Texas, if possible.

5.  Conditions of supervision should include the following:

    While on supervised release, defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the court, and shall comply with the following additional conditions:

    A.  Defendant shall pay restitution totaling $7,001.48 to the victim listed in the "Victim Impact" section of the Presentence Report. Restitution payments shall begin immediately. Any amount that remains unpaid when defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of receipts received from income tax returns, inheritances, non-recurring bonuses, and lawsuit awards must be paid toward the unpaid restitution balance within 15 days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P.O. Box 570, Tyler, Texas 75710.

    B.  Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments and his efforts to obtain and maintain lawful employment.

    C.  Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the court has been paid in full.

    D.  Defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

    E.  Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

    F.  Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

**OBJECTIONS**

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 20th day of July, 2005.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE