# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TEXAS

### LUFKIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. 9:03-CR-50-1** |
| | § | |
| **ODIS LEWIS** | § | |

## REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed April 19, 2006, alleging that defendant violated conditions of supervised release.  This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

### I.  The Original Conviction and Sentence

Defendant was sentenced on June 29, 2004, before The Honorable Ron Clark of the Eastern District of Texas after pleading guilty to the offense of bank larceny, a Class C felony.  This offense carried a statutory maximum imprisonment term of not more than 20 years.  The guideline imprisonment range, based on a total offense level

of 13 and a criminal history category of I, was 12 to 18 months.  Defendant was

subsequently sentenced to 12 months and 1 day, followed by 2 years supervised

release subject to the standard conditions of release, plus special conditions to

include drug aftercare; financial disclosure; no new credit without the approval of

probation officer; $7,051.48 restitution; and a $100 special assessment.

## II.  The Period of Supervision

On April 14, 2005, defendant completed his period of imprisonment and

began service of the supervision term.  On June 22, 2005, defendant's terms of

supervised release conditions were modified to include that defendant shall reside in

and participate in the community corrections component of a community

confinement center, as instructed, until successfully discharged by the center director,

but no longer than 180 days from admission, and that defendant shall abide by all

rules and regulations of the center and pay subsistence.  While in community

confinement, defendant shall establish a savings account and regularly contribute no

less than 25 percent of his employment earnings to the account in order to accumu-

late funds for the improvement of his life style upon his release.

On July 19, 2005, defendant's supervised release conditions were revoked for

failing to refrain from the unlawful use of a controlled substance.  Defendant was

ordered to serve 7 months imprisonment, followed by a 10 month term of supervised

release.  On February 14, 2006, defendant completed his period of imprisonment and his subsequent term of supervision began.

### III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on April 19, 2006.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. |
| Standard Condition: | Defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. |
| Standard Condition: | Defendant shall notify the probation officer ten days prior to any change of residence or employment. |

As grounds, the petition alleges that defendant submitted a urine specimen on March 8, 2006, which tested positive for cocaine, and in April of 2006, defendant failed to submit a truthful and complete written report within the first five days of the month.   In addition, on April 4, 2006, defendant's mother reported that defendant no longer resided at her residence located at 3070 County Road 100, Doucette, Texas.  Defendant's mother also reported that she did not know where her son was currently residing.

## IV.  Proceedings

On May 22, 2006, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, defendant pleaded "true" to all the alleged violations in the petition.  Subsequently, the court announced that defendant's alleged violations are Grade C violations and with defendant's criminal history category of I, the guideline imprisonment range is 3 to 9 months.

Defendant requested that the court sentence him to 3 months imprisonment with a term of supervised release of 8 months to follow, with the first 6 months of supervised release served in a community confinement center.  However, the government argues that defendant should be sentenced to 9 months imprisonment because his supervised release has been previously revoked, yet he continues to violate conditions of supervised release.

## V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may

revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.  However, the maximum imprisonment sentence has changed to 1 year and 5 months due to defendant recently serving 7 months imprisonment on an earlier revocation of supervised release.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated conditions of supervised release as alleged in the petition, defendant will be guilty of committing Grade C violations.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.   U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1.    The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2.      The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; <u>see</u> 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.      Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the  defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see also</u> 28 U.S.C. § 924(A)(3);

4.      Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5.      The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**<u>Findings:</u>**

Defendant pleaded "true" to all allegations that he violated conditions of supervised release by failing to refrain from unlawful use of a controlled substance, by failing to submit a truthful and complete written report within the first five days of every month, and by failing to notify the probation officer ten days prior to any change of residence.  Based upon defendant's plea of "true" to the allegations and

U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition.  Defendant's violations are Grade C violations with policy guidelines suggesting 3 to 9 months imprisonment upon revocation.

**Conclusion:**

Defendant's supervised release previously was revoked, and he was sentenced to serve 7 months imprisonment, followed by 10 months supervised release.  Since being placed on a subsequent term of supervised release, defendant continued to demonstrate inability to adhere to conditions of supervision.  As such, incarceration appropriately addresses defendant's violation.

Defendant's request for 3 months imprisonment is inappropriate considering his repeated violations of conditions of supervised release.  However, 9 months imprisonment unnecessarily impairs defendant's ability to make restitution.  As such, a sentence in the middle range is appropriate.

## RECOMMENDATIONS

1.  The court should find that defendant violated the condition of supervised release, by failing to refrain from unlawful use of a controlled substance, by failing to submit a truthful and complete written report within the first five days of every month, and by failing to notify the probation officer ten days prior to any change of residence, in the manner alleged in the petition.

2.  The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3.    Defendant should be sentenced to a term of imprisonment of six (6) months.

4.    Upon release of imprisonment, defendant should be placed on supervised release for a term of eleven (11) months, with the first hundred and eighty (180) days to be served in a community confinement center, halfway house or similar facility, and defendant shall observe the rules of that facility.  Within seventy-two (72) hours of release from custody of the Bureau of Prisons, defendant should report in person to the probation office in the district to which defendant is released.  While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

   a.    Defendant shall pay restitution totaling $7,001.48 to the victim listed in the "Victim Impact" section of the Presentence Report.  The Court orders the restitution payments to begin immediately.  Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k).  Additionally, at least 50% of receipts received from income tax returns, inheritances, non-recurring bonuses, and lawsuit awards must be paid toward the unpaid restitution balance within 15 days of receipt.  Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P.O. Box 570, Tyler, Texas 75710.

   b.    Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments and his efforts to obtain and maintain lawful employment.

   c.    Defendant shall not incur new credit charges or open additional lines of credit without the approval of the

probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

d.    Defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

e.    Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. Defendant shall not illegally possess a controlled substance.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __25__ day of May, 2006.

Earl S. Hines
United States Magistrate Judge