

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | CASE NO. 9:03-CR-50(1) |
| | § | |
| **ODIS LEWIS** | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE**
**BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Odis Lewis, violated conditions of supervised release imposed by United States District Judge Ron Clark of the Eastern District of Texas. The Government filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of Defendant's supervised release [Clerk's doc. #87]. The Court conducted a hearing on February 21, 2007, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that Defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On June 29, 2004, the Honorable Ron Clark, United States District Judge for the Eastern District of Texas, sentenced Mr. Lewis after he pled guilty to the offense of bank larceny, a Class C felony. Judge Clark sentenced the Defendant to twelve (12) month plus one (1) day imprisonment and two (2) years of supervised release. The supervision term was subject to the standard conditions of release, plus special conditions to include drug aftercare; financial disclosure, no new credit without the approval of the probation officer, $7,051.48 restitution; and a $100 special assessment. On April 14, 2005, Mr. Lewis completed his period of imprisonment and began service of the supervision term.

On June 22, 2005, Judge Clark modified Mr. Lewis' conditions of supervision to include the defendant shall reside in and participate in the community corrections component of a

Community Corrections Center, as instructed, until successfully discharged by the center director, but no longer than 180 days from admission. You shall abide by all rules and regulations of the center and pay subsistence. While in community confinement, he shall establish a savings account and regularly contribute no less than 25 percent of his employment earnings to the account in order to accumulate funds for the improvement of his lifestyle upon release. *See Request for Modifying the Conditions or Term of Supervision and Order* [Clerk's doc. #57].

On August 2, 2005, Judge Clark entered a judgment revoking Mr. Lewis' original term of supervision and ordering him to serve a term of seven months imprisonment to be followed by ten months of a new term of supervised release. *See Revocation Judgment* [Clerk's doc. #70]. Mr. Lewis violated the terms of his supervised release again, and Judge Clark entered a subsequent revocation judgment revoking his new term of supervised release. On May 30, 2006, Judge Clark sentenced Mr. Lewis to serve six months imprisonment, followed by an eleven month term of supervised release [Clerk's doc. #86]. On November 14, 2006, Mr. Lewis completed this last term of imprisonment and began service of the current supervision term.

**B. Allegations in Petition**

The United States alleges that Defendant violated the following mandatory condition of supervised release:

*The defendant shall reside for a period of 180 days in a community confinement center, halfway house or similar facility to commence upon release of imprisonment and shall observe the rules of that facility.*

Specifically, on December 1, 2006, Odis Lewis failed to report to the Leidel Comprehensive Sanction Center located at 1819 Commerce Street, Houston, Texas, as instructed.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered the following evidence as its factual basis for the allegations set out *supra*. The Government would offer the testimony of Ms. Heide Robinson, the Assistant Director of the Leidel Comprehensive Sanction Center. She would testify that Mr. Lewis was instructed to appear at Leidel on December 1, 2006, at 3 p.m.. However, Mr. Lewis did not report to Leidel on that date and time as directed.

Defendant, Odis Lewis, offered a plea of true to the allegations. Specifically, he agreed with the evidence presented and pled true to the allegation that he did not report to Leidel Comprehensive Sanction Center, a community confinement center, all in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated a special condition of his supervise release, specifically that he failed to report to the Leidel Comprehensive Sanction Center as instructed. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon Mr. Lewis' criminal history category of I and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from three (3) to nine (9) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years, less any imprisonment time the Defendant has already served for a previous revocation. *See* 18 U.S.C. § 3583(e)(3). As discussed *supra*, Mr. Lewis has already served two terms of imprisonment for prior

revocations of supervised release for seven and six months, respectively. His statutory maximum on this revocation is, therefore, reduced to eleven (11) months.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (Citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and Defendant's admission support a finding that he violated his supervision conditions. Mr. Lewis knowingly and voluntarily pled true and agreed with the Court's recommended sentence for that violation. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing* [Clerk's doc. #95].

Accordingly, based upon Defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate further recommends that the District Court order Defendant to serve a term of **nine (9)** months imprisonment for the revocation, with no additional supervised release to follow.

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

**OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 28th day of February, 2007.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE